IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

OLGA BAKER #2, LLC,

    Plaintiff,

v.                                      Case No. 11-2020-CA-001000-000140C

ACE INSURANCE COMPANY OF THE
MIDWEST,

    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, ACE Insurance Company of the Midwest, by and through its undersigned counsel, answers the Complaint filed by the Plaintiff, Olga Baker #2, LLC, and alleges

1. Defendant denies all allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2 that it is and was an insurance company authorized to do business in the State of Florida. The Defendant otherwise denies all allegations in paragraph 2 of the Plaintiff' Complaint and demands strict proof thereof.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant is without knowledge sufficient to admit or deny the truth or falsity of the allegations in paragraph 5 and therefore denies all allegations therein.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

11. Defendant denies all allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14 that it did not issue any payment to Plaintiff because the amount of the loss was less than the applicable deductible. Defendant otherwise denies all allegations in paragraph 14.

15. Defendant denies all allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

## Count I—Breach of Contract

17. Defendant repeats and re-alleges its responses to paragraphs 1–16, above, as though fully set forth herein.

18. Defendant admits the allegations in paragraph 18 that the property sustained a direct physical loss; however, the amount of the loss was less than the applicable deductible under the policy. Defendant otherwise denies all allegations in paragraph 18.

19. Defendant denies all allegations in paragraph 19.

20. Defendant denies all allegations in paragraph 20.

21. Defendant denies all allegations in paragraph 21.

22. Defendant denies all allegations in paragraph 22.

23. Defendant denies all allegations in paragraph 23.

24. Defendant denies all allegations in paragraph 24.

25. Defendant denies all allegations in paragraph 25.

26. Defendant denies all allegations in paragraph 26.

2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to the applicable insurance policy, for any alleged covered loss, Defendant is entitled to set off for any and all applicable deductibles.

### SECOND AFFIRMATIVE DEFENSE

Prior to filing the lawsuit, each insured failed to comply with the policy's post-loss conditions; therefore, Defendant's ability to investigate the claim was prejudiced.

### THIRD AFFIRMATIVE DEFENSE

Defendant has complied with the Loss Settlement provision in the subject insurance policy; therefore, it has not breached the contract.

### FOURTH AFFIRMATIVE DEFENSE

By failing to promptly report the loss, each insured materially breached the insurance policy provision requiring prompt notice and to show the damaged property; and the provision requiring full compliance with the policy conditions before filing a lawsuit. Each insured's late notice of the claim and failure to show damaged property prejudiced Defendant. Therefore, there is no coverage for the claimed damages.

### FIFTH AFFIRMATIVE DEFENSE

The claimed damages include damages occurring prior to the inception date of the coverage for the peril claimed. Pursuant to the policy provisions concerning the policy period and pre-existing damage, Defendant is not liable for any damages occurring prior to the inception date of coverage for the peril claimed.

SIXTH AFFIRMATIVE DEFENSE

The insurance policy covers property damage only when it occurs to the "residence premises." On the date of loss, the property described in the Complaint was not a "residence premises" as defined in the insurance policy. As a result, there is no coverage for the claimed damage.

SEVENTH AFFIRMATIVE DEFENSE

Wear and tear, marring, and/or deterioration and the related excluded losses caused the claimed damages; therefore, there is no coverage for the claimed damages.

EIGHTH AFFIRMATIVE DEFENSE

The claimed damages resulted from the excluded perils related to faulty maintenance, construction, installation, materials and/or repair. Therefore, there is no coverage for the damages.

NINTH AFFIRMATIVE DEFENSE

The inherent vice and defect of the property claimed to be damaged, and the related excluded perils, caused the claimed damages; therefore, there is no coverage for the damages.

TENTH AFFIRMATIVE DEFENSE

The claimed damages resulted from each insured's neglect to take ordinary care to prevent damage from occurring. The policy excludes coverage for damages caused by neglect. Accordingly, there is no coverage for the damages caused by each insured's neglect.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, the Defendant, ACE Insurance Company of the Midwest, respectfully requests that this Court enter judgment in its favor and against the Plaintiff, Olga Baker #2, LLC, adjudging that the Plaintiff take nothing by this action and that the Defendant go hence without

day and recover all of its costs from the Plaintiff, together with such other and further relief as the Court deems necessary and appropriate under the circumstances.

Date: June 24, 2020                                                                Respectfully submitted,

/s/ *Aaron Alfano*
Brian P. Henry, Esq. (Florida Bar No. 0089069)
Aaron Alfano, Esq. (Florida Bar No. 0083909)
Rolfes Henry Co., L.P.A.
5577 Broadcast Court
Sarasota, Florida 34240
T:  (941) 684-0100
F:  (941) 684-0109
E:  bhenry@rolfeshenry.com
E:  aalfano@rolfeshenry.com
E:  along@rolfeshenry.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all parties of record, on June 24, 2020. I further certify that upon notification from the Clerk of the Court, a copy of the foregoing will be forwarded via U.S. Mail if a party is a non-ECF participant:

John T. Downs, Esq.
Margaret E. Garner, Esq.
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
jdowns@kpattorney.com
mgarner@kpattorney.com

*Attorneys for Plaintiff*

/s/ *Aaron Alfano*
Aaron Alfano, Esq. (Florida Bar No. 0083909)

5