UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLGA BAKER #2, LLC,

    Plaintiff,

v.                                                Case No.: 2:20-cv-792-FtM-38MRM

ACE INSURANCE COMPANY OF
THE MIDWEST,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is Defendant Ace Insurance Company of the Midwest's Notice of Removal. (Doc. 1). This lawsuit arises from an alleged breach of the insurance policy providing coverage to Plaintiff Olga Baker #2, LLC's property ("the LLC") issued by Ace Insurance. The LLC claims a breach because Ace Insurance failed to fully compensate the LLC for damage to the property caused by Hurricane Irma. The LLC first sued Ace Insurance in state court. Ace Insurance removed the case to this Court based on diversity jurisdiction.

Removal permits a defendant to move a case from a state court to a federal district court when the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and resolve "all doubts about jurisdiction…in favor of remand to state court." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)(citations omitted). Diversity jurisdiction is one type of original jurisdiction. A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

    Here, Ace Insurance has not shown diversity of citizenship between the parties. It says "Plaintiff is an Illinois based limited liability company." (Doc. 1 at 2). For purposes of diversity jurisdiction, a limited liability company is not, without more, a citizen of the state that created the entity or the state where it has its principal place of business; such legal entities are **citizens of every state in which each of their members are citizens**. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)(emphasis added)(citations omitted)(for purposes of diversity jurisdiction, a limited liability company is a citizen of any state in which each of their members are citizens); *see also Mutual Assignment and Indem. Co. v. Lind-Waldock & Co.*, LLC, 364 F.3d 858, 861 (7th Cir. 2004)("Lind-Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a

partnership or LLC."). Because there are no allegations to support the state citizenship of each member of the LLC, Ace Insurance has not adequately pleaded diversity of citizenship.

Accordingly, it is now

**ORDERED:**

Defendant Ace Insurance Company of the Midwest must **SUPPLEMENT** the Notice of Removal on or before **October 28, 2020**, to show cause why this case should not be remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will cause this case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 14, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record